# Exhibit A



4301 CONNECTICUT AVENUE N.W., SUITE 434
WASHINGTON, DC 20008
202-457-0800
WWW.ACLU-NCA.ORG

Arthur B. Spitzer
Legal Director

November 6, 2012

Office of Information and Regulatory Affairs
Office of Management and Budget
Attn: Mr. Kevin Herms
OMB Desk Officer for the Office of Government Ethics
By e-mail and fax: kherms@omb.eop.gov; 202-395-5167

Office of Government Ethics
Attn: Mr. Paul Ledvina
Agency Clearance Officer
By e-mail and fax: usoge@oge.gov; paul.ledvina@oge.gov; 202-482-9237

Re:  Comments on proposed OGE Form 201-A (Ethics in Government Act Access Form), 77 Fed. Reg. 66075 (November 1, 2012)

Dear Mr. Herms and Mr. Ledvina:

The proposed OGE Form 201-A should not receive temporary approval because it serves no useful purpose whatsoever, and therefore the burden it imposes, while small, is unjustified.

The proposed form would be used in connection with Internet websites on which the personal financial information of federal employees will be posted for public access. The form would require people accessing the website to provide their name and their city, state and country of residence.

However, there is nothing to prevent a person who accesses the website from providing a false or fictitious name and/or location. And, as explained in the attached statement of Christopher Soghoian, there is no way that the true identity or location of a person accessing the website can be obtained if the person wishes to conceal his or her true identity and location. Proposed Form 201-A therefore provides no useful information at all.

ACLU comments on proposed OGE Form 201-A
November 6, 2012
Page two

  Additionally, use of the proposed form would provide a *false* sense of security to government employees whose personal financial information will be posted on the Internet, perhaps leading them to believe that only identified individuals can access their information, while in fact anyone in the world with access to the Internet will be able to access their information quite anonymously. As Mr. Soghoian points out, the use of Form 201-A would be a form of "security theater" — *i.e.,* make-believe security. Approval should not be granted for a form whose use will be positively deceptive.

  The Federal Register notice solicits comments specifically "on the need for, and practical utility of, this information collection" and on the "quality, utility and clarity of the information collected." 77 Fed. Reg. at 66076. For the reasons given above and in the attached statement of Christopher Soghoian, it is clear that the information collected by the proposed form will have zero utility, and that the quality of the information collected will be nugatory, because there will be no way to know which of the names and locations provided by persons accessing the information are real and which are imaginary, and no way to ascertain the true identities and locations of persons who accesses the website by providing false names and/or locations.

  For these reasons, proposed OGE Form 201-A should not be approved for use.

Sincerely,

Arthur B. Spitzer

My name is Christopher Soghoian. I am the principal technologist and a senior policy analyst with the Speech, Privacy and Technology Project at the American Civil Liberties Union. I completed my Ph.D. in Informatics at Indiana University in 2012, my M.S. in Security Informatics at The Johns Hopkins University in 2004, and my B.S. in Computer Science at Johns Hopkins University in 2002. Between 2009 and 2010, I was the first in-house technologist in the Federal Trade Commission's Division of Privacy and Identity protection. In that role, I assisted with several FTC investigations including Facebook, Twitter, MySpace and Netflix.

I have reviewed the emergency clearance notice and request for agency and public comments published by the Office of Government Ethics at 77 Fed. Reg. 66075 on November 1, 2012, and I have accessed the automated, Web-based application with which the Office of Government Ethics currently provides public access to OGE Form 201 financial disclosure reports of a small number of presidential appointees confirmed by the Senate.[1] As part of this process, visitors to the OGE website seeking Form 201 disclosure reports are required to enter their name, city, state, country and occupation. It appears that the online distribution of Form 201-A for which OGE now seeks emergency clearance would be the same as, or similar to, the system already in place on its website.

The form and process that OGE seeks permission to use could not reliably obtain accurate information about or determine the identity or location of a person accessing the website. It would be easy for a requester seeking anonymity to supply either a fictitious name or the name of an actual, random third party found by flipping through a telephone book. The latter technique would likely defeat any attempt to verify, in real time, that the requester was a real person.

In the event that someone wished to download records from the OGE website in a manner that shielded their true identity and location it would be easy for them to hide their computer's actual IP address, and thus thwart any later investigation by the authorities. Even individuals lacking technical skills can do this simply by connecting to the OGE website from an open wireless network, such as at a coffee shop or public library. More technically savvy users can achieve anonymity even from their home or office by using an anonymizing networking service, such as the Tor Project,[2] or one of many commercial Virtual Private Network (VPN) providers that do not maintain logs.

---

[1] See http://www.oge.gov/Open-Government/Access-Records/Current-Executive-Branch-Nominations-and-Appointments/

[2] The Tor Project is an anonymizing network that provides censorship and surveillance resistant internet connectivity to activists, journalists, researchers and privacy advocates around the world. There are an estimated 500,000 users of Tor.[2] These include law enforcement and intelligence agencies in the United States, which was the intention of the US Naval Research Lab, which invented the underlying technology and funded the early development of the project. Tor is also used by activists, journalists and the general public in Iran, Syria, China and other countries with authoritarian governments, which has led to significant funding for Tor from the US State Department and the Broadcasting Board of Governors. However, Tor is also used by many people in the United States – it is estimated that approximately 15% of the users of Tor are located in the United States.

When someone browses the web using Tor or another VPN, their Internet traffic appears to originate at the Tor or VPN server, rather than from their home connection.[3]  Thus, a U.S. citizen located in Chicago who uses a Tor exit server in France will appear to be a user in France.  Likewise, someone in Iran connecting to the web via a Tor exit server located in San Francisco will appear to be a web surfer from San Francisco.

On November 6, 2012, I used the OGE website to request the Public Financial Disclosure Report (Form 278) for James Clapper, the Director of National Intelligence. During the automated, Web-based download process, I entered valid, true information in the name, city, state, country and occupation fields.  However, I used a privacy-preserving VPN service (Riseup.net), which keeps no logs about its users' activities.  Therefore, even if OGE retains the IP addresses of visitors requesting financial disclosure forms, the IP address in the logs associated with that particular download of Director Clapper's financial disclosure forms will be an IP address associated with Riseup's VPN server in New York, and not the ACLU office in Washington, DC.  Thus, if I had entered false information about myself, OGE would have no way of determining who or where I was.

The OGE Web-based application is security theatre. There is nothing in it that could stop a criminal or other malicious party from entering false information, hiding their tracks, and downloading whatever forms they desire.

November 6, 2012

---

[3] See: Marketa Trimble, The Future of Cybertravel: Legal Implications of the Evasion of Geolocation, 22 FORDHAM INTELL. PROP. MEDIA & ENT. L.J. 567 (2012).