IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| SENIOR EXECUTIVES ASSOCIATION et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA et al., <br><br> Defendants. | Civil Action No. 8:12-cv-02297-AW |

**MEMORANDUM OPINION**

Plaintiffs Senior Executives Association et al. bring this action against Defendants United States of America and Don W. Fox, Acting Director of the Office of Government Ethics. Several motions are outstanding, including a trio of motions related to sealing. The Court has carefully reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Use Pseudonyms and for Protective Order, **GRANTS** Plaintiffs' Motion to Seal, and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to File Without Listing Addresses.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case presents a challenge to the Stop Trading on Congressional Knowledge Act of 2012 (STOCK Act), Pub. L. No. 112-105, 126 Stat. 291 (2012). Plaintiffs are primarily an assemblage of associations whose members include the affected class of senior executive officials. Other Plaintiffs, in contrast, sue on their own behalf. Plaintiffs name two parties as Defendants: (1) the United States; and (2) Don W. Fox, Acting Director of the Office of

Government Ethics. As Plaintiffs sue Mr. Fox in his official capacity, the Court refers to him and the United States collectively as "the United States" or "the Government."

Three Plaintiffs filed this lawsuit under pseudonyms: Jane Does (1) – (3). According to her declaration, Jane Doe 1 is an ALJ with jurisdiction over immigration cases. She declares that she makes immigration decisions affecting, inter alia, unsavory actors and individuals politically connected to foreign governments. She further states that she receives threats in the scope of her adjudicatory duties and takes measures to limit the public availability of her and her family's information. *See* Doc. No. 30-1.

Jane Doe 2 declares that she is a senior executive employee whose husband works for an intelligence agency contractor. She generally describes her husband's work and the safety threats that inhere in it. She also states that the disclosure of her home address may jeopardize her and her husband's safety because adverse actors have targeted their geographic area for intelligence gathering purposes. *See* Doc. No. 30-2.

For her part, Jane Doe 3 declares that she is a foreign service employee. She further states that her husband is a dual citizen who is involved in political activities abroad and has been accused of being a spy partly because of his marriage to her.

On August 2, 2012, Plaintiffs lodged their Complaint. Compl., Doc. No. 1. The thrust of Plaintiffs' Complaint is that the Act's disclosure requirements will compromise their confidential financial information and jeopardize their personal security.

On the same day, Plaintiffs filed a Motion for Leave to File Complaint Without Listing Individual Plaintiffs' Home Addresses (Motion for Leave to File Without Listing Addresses). Mot. Leave, Doc. No. 2. On August 3, 2012, Plaintiffs filed a Motion to Seal Exhibits 8, 9, and 10 to Their Memorandum In Support of Their Motion for Preliminary Injunction (Motion to

Seal). Mot. Seal Exs., Doc. No. 7. On the same day, Plaintiffs filed a document titled Doe Plaintiffs' Motion for Leave to Proceed Using Pseudonyms and for Protective Order (Motion to Use Pseudonyms and for Protective Order). Mot. Leave Use Pseud., Doc. No. 8. Briefing on these Motions is complete.

## II.     LEGAL ANALYSIS

### A.     Motion to Use Pseudonyms and for Protective Order

*1.     Motion to Use Pseudonyms*

The Doe Plaintiffs contend that the Court should allow them to proceed under pseudonyms because the revelation of their identities could expose them and their families to personal harm. The Doe Plaintiffs have filed sworn declarations stating the same. *See* Doc. Nos. 30-1, -2, -3.

The United States argues that the Doe Plaintiffs' declarations regarding the risks that proceeding openly presents lack specificity and that, in any event, the Doe Plaintiffs cannot satisfy the test for whether to permit a party to proceed pseudonymously enunciated in *James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993).

"The decision whether to permit parties to proceed anonymously . . . [is] committed in the first instance to trial court discretion." *Jacobson*, 6 F.3d at 238. The *Jacobson* court identified five nonexhaustive factors for courts to consider when deciding whether to permit parties to proceed pseudonymously. They are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more

>critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing cases).

The Court agrees with the United States that the balance of these factors swings in its favor. Regarding factor (1), the Doe Plaintiffs have identified no matters of a highly sensitive and personal nature "such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979) (citations omitted). As for factor (2), although the Doe Plaintiffs declare that their participation in this suit raises the risk of personal harm, they have failed to allege facts creating a nexus between these risks and the mere revelation of their names as parties to this proceeding.

The three remaining factors also favor the Government. Factor (3), though not fully applicable to this proceeding, favors the Government as the Doe Plaintiffs are adults. Factor (4) likewise favors the Government as it is a party to the suit. *See Ashbourne v. Geithner*, Civil Action Nos. RWT–11–2818, RWT–11–3199, RWT–11–3456, 2012 WL 2874012, at *1 n.1 (D. Md. July 12, 2012) (citation omitted) (stating that "very rarely is anonymity justified in a case challenging the government").

Factor (5), however, weighs in the Doe Plaintiffs' favor. The record does not reflect that allowing the Doe Plaintiffs to proceed under pseudonyms would prejudice the United States. Evidently, the United States already knows their identity and all the facts from their sealed declarations. Nevertheless, judicial proceedings are presumptively open, and the Doe Plaintiffs

have not carried the burden of showing that the mere disclosure of their names would occasion them or their families harm. Furthermore, the other factors enunciated in *Jacobson* strongly militate in the Government's favor. Accordingly, the Court denies the Doe Plaintiffs' Motion to Use Pseudonyms.

      2.    *Motion for Protective Order*

The Doe Plaintiffs' move the Court to enter a proposed protective order to ensure that their allegedly confidential information, including their identities, is not disclosed during discovery. The Court denies this Motion without prejudice. As the United States points out, it is premature as discovery has yet to commence. Furthermore, Plaintiffs' proposed protective order is partly predicated on the notion that the Doe Plaintiffs should be able to proceed under pseudonyms. Consequently, the Court denies the Doe Plaintiffs' Motion for Protective Order. This denial is without prejudice to the right of the Doe Plaintiffs to move for a similar protective order at a subsequent stage in the proceedings should the circumstances warrant it.

**B.**    **Motion to Seal**

Plaintiffs move to seal Exhibits 8, 9, and 10 in support of their Motion for Preliminary Injunction. Plaintiffs filed these exhibits under seal. Subsequently, the Doe Plaintiffs have filed mildly redacted versions of these declarations. *See* Doc. Nos. 30-1, -2, -3.

The Court grants Plaintiffs' Motion to Seal. The Doe Plaintiffs' exhibits contain somewhat sensitive information regarding the intelligence, foreign service, international activism, and adjudicatory activities of the Doe Plaintiffs and their spouses. Furthermore, the Court did not rely on these exhibits in its September 13, 2012 Memorandum Opinion, which diminishes their importance in the overall context of the case. Additionally, Plaintiffs have filed

mildly redacted versions of these exhibits sufficient to satisfy the public's residual interest in knowing their contents. For these reasons, the Court grants Plaintiffs' Motion to Seal.

**C.    Motion for Leave to File Without Listing Addresses**

Pertinently, Local Rule 102.2(a) provides that complaints must contain "the names and addresses of all parties." Loc. Rule 102.2(a) (D. Md. July 1, 2011). Plaintiffs move the Court to allow them to file their Complaint without listing their home addresses. Plaintiffs state that they fear that having their home addresses on the public record may endanger the safety of them and their families.

The Court denies Plaintiffs' Motion for Leave to File Without Listing Addresses as to all Plaintiffs except the Doe Plaintiffs. There is a general presumption to the openness of judicial proceedings. *Jacobson*, 6 F.3d at 238. Furthermore, "home addresses often are publicly available through sources such as telephone directories and voter registration lists." *U.S. Dep't of Def. v. Fed. Labor Relat. Auth.*, 510 U.S. 487, 500 (1994); *see also Condon v. Reno*, 155 F.3d 453, 464 (4th Cir. 1998) (holding that automobile owners lacked a reasonable expectation of privacy in the addresses listed in their motor vehicle records), *rev'd on other grounds*, 528 U.S. 141 (2000). Excepting the Doe Plaintiffs, Plaintiffs have offered no reason to keep from listing their addresses other than the speculative fear that having their home addresses listed on the Complaint "may" endanger their safety.

However, the record contains somewhat sensitive information regarding the Doe Plaintiffs' intelligence, foreign service, activism, and adjudication. Disclosing their home addresses increases the likelihood that they will become targets of threats and violence, especially because the Court is not allowing them to proceed under pseudonyms. Therefore, the

Court grants in part and denies in part Plaintiffs' Motion for Leave to File Without Listing Addresses.

## III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion to Use Pseudonyms and for Protective Order, **GRANTS** Plaintiffs' Motion to Seal, and **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Leave to File Without Listing Addresses. A separate Order follows.

| | |
|---|---|
| December 7, 2012 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |